IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LARRY KENNEDY,

      Plaintiff,

v.                             CIVIL ACTION No. 1:04-1219

UNITED MINE WORKERS OF AMERICA
HEALTH AND RETIREMENT FUND, et al.,

      Defendants.

## MEMORANDUM OPINION

Pending before the court are the parties' cross motions for summary judgment.  For reasons expressed more fully below, defendants' motion is GRANTED and plaintiff's motion is DENIED.

## Background

The United Mine Workers of America and the Bituminous Coal Operators' Association negotiated agreements to provide health and pension benefits for working and retired coal miners.  One of these plans is the 1974 Pension Plan ("the Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff, Larry Kennedy, is a former coal miner covered by the Plan.  On January 11, 2002, Mr. Kennedy was awarded SSDI benefits, effective February 26, 2001, based upon the Commissioner's decision that he was totally disabled due to

chronic obstructive pulmonary disease ("COPD")[1] and multiple

arthralgia[2].  Thereafter, Mr. Kennedy sought disability benefits

under the 1974 Plan.  In his application for benefits, he claimed

he was disabled as a result of workplace injuries he sustained to

his back, ankle, and knee on March 30, 1992, December 31, 1994,

and August 15, 1998 respectively.  In denying benefits to Mr.

Kennedy, the Trustees determined that he did not become totally

disabled as a result of a mine accident.  It is this denial of

benefits that is the subject of the Complaint filed herein.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and
> admissions on file, together with the
> affidavits, if any, show that there is
> no genuine issue as to any material fact
> and that the moving party is entitled to
> a judgment as a matter of law.

The moving party has the burden of establishing that there is no

genuine issue as to any material fact.  Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986).  This burden can be met by showing that

the nonmoving party has failed to prove an essential element of

the nonmoving party's case for which the nonmoving party will

---

[1] COPD is any one of a group of diseases comprising
emphysema, bronchial asthma, chronic bronchitis, bronchiectasis,
and cystic fibrosis.  It is marked by chronic obstruction of the
bronchial tubes.

[2] Pain in a joint or in joints.

bear the burden of proof at trial.  Id. at 322.  If the moving
party meets this burden, according to the United States Supreme
Court, "there can be 'no genuine issue as to any material fact,'
since a complete failure of proof concerning an essential element
of the nonmoving party's case necessarily renders all other facts
immaterial."  Id. at 323.

Once the moving party has met this burden, the burden
shifts to the nonmoving party to produce sufficient evidence for
a jury to return a verdict for that party.

> The mere existence of a scintilla of
> evidence in support of the plaintiff's
> position will be insufficient; there
> must be evidence on which the jury could
> reasonably find for the plaintiff.  The
> judge's inquiry, therefore, unavoidably
> asks whether reasonable jurors could
> find, by a preponderance of the
> evidence, that the plaintiff is entitled
> to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If
the evidence is merely colorable, or is not significantly
probative, summary judgment may be granted."  Id. at 250-51.
The opposing party must demonstrate that a triable issue of fact
exists and may not rest upon mere allegations or denials.  Id. at
252.

## Analysis

In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101,
115 (1989), the Supreme Court held that judicial review of a
trustee's decision regarding eligibility for pension benefits is

de novo "unless the plan at issue gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  If the administrator retains discretion, the decision is reviewed for an abuse of discretion. See id.; see also Buzzard v. Holland, 367 F.3d 263, 268 (4th Cir. 2004).  Because the 1974 Pension Plan confers upon its Trustees full and final authority for determining eligibility for benefits, the court must determine whether the decision to deny Kennedy benefits under the Plan was an abuse of discretion.  See Buzzard, 367 F.3d at 268.  In so doing, the court's inquiry is to determine whether that decision was supported by substantial evidence.  See id.

> According to the 1974 Pension Plan:
>
> A participant who (a) has less than 10 years of signatory service prior to retirement, and (b) becomes totally disabled on or after the effective date as a result of a mine accident shall, upon his retirement (hereinafter "Minimum Disability Retirement"), be eligible for a pension.  A participant shall be considered to be totally disabled only if by reason of such accident he is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or its successor.

1974 Pension Plan at p. 6.  Accordingly, to satisfy the eligibility requirements for the 1974 Plan, Kennedy must establish: (1) a verifiable mine accident; (2) an SSDI award; and (3) a causal link between the mine accident and the disability.

The Trustees have developed a series of questions and answers "Q&As" to help them in interpreting the terms of the Plan.  <u>See</u> <u>McCoy v. Holland</u>, 364 F.3d 166, 170 (4th Cir. 2004). The Fourth Circuit Court of Appeals has held that "`the Trustees' interpretation of these rules [is to be given] the same deference that we give the Trustees' interpretation of the language of the Plan itself.'" <u>Id.</u> (quoting <u>Brogan v. Holland</u>, 105 F.3d 158, 162 (4th Cir. 1997)).

In reviewing Kennedy's application, the Trustees determined that he was not eligible for disability benefits under the 1974 Pension Plan because the medical evidence in the record failed to establish a causal link between a mine accident and his disabling conditions.  SSDI benefits were awarded based on two disabilities: COPD and multiple arthralgia.  As to the COPD, Q&A 252 states that "miners who become disabled by progressive diseases or conditions such as black lung, silicosis, tuberculosis, arthritis, rheumatism, etc., cannot be considered `disabled as the result of a mine accident.'" <u>Id.</u> (internal citations and quotations omitted).  Accordingly, because COPD is a progressive disease not readily traceable to a mine accident, the Trustees' decision to deny benefits on that basis is supported by substantial evidence.  <u>See, e.g.</u>, <u>Hughes v. Holland</u>, 2005 WL 2405951, at *4 (S.D.W. Va. 2005) (pulmonary fibrosis does not qualify plaintiff for benefits under Plan because it is

foreclosed under Q&A 252) (Faber, C.J.).  Indeed, plaintiff does not argue otherwise.

Turning to the multiple arthralgia, the record shows, and defendants do not dispute, that plaintiff was involved in two mine accidents, on March 30, 1992, and December 31, 1994 respectively.  The 1992 accident involved an injury to Kennedy's back which occurred when he was lifting metal.  In 1994, Kennedy twisted his right ankle while going down steps.  The Trustees concluded that there was no relationship between Kennedy's multiple arthralgia and his back and ankle injuries.  In doing so, the Trustees noted, among other things, that: 1) plaintiff returned to full-duty work within a couple of months after the 1992 back injury and continued to work for years after that; 2) he did not complain of further back problems until nine years after the accident; 3) degenerative disc disease and arthritis are progressive conditions that are part of the normal aging process and cannot be the basis for an award of disability benefits under the Plan; 4) the 1994 ankle injury was resolved with surgery and defendant returned to work several months after his injury; 5) the lack of medical records from April 1995 to 2001 indicating that plaintiff continued to suffer from an ankle injury; 6) the fact that defendant continued to work for years after his ankle surgery; and 7) 2001 medical records showing that plaintiff's ankle appeared symmetrical and normal.  Based on the

foregoing, it is clear that the Trustees' decision in this regard
was supported by substantial evidence.  See, e.g., Adkins v.
Holland, 2003 WL 23522054, at *6 (S.D.W. Va. 2003)("The extensive
time periods between any mine accident and Adkins' disability
onset date provide substantial evidence no mine accident was the
proximate cause of Adkins' disability, either alone or in
combination with other conditions.").

As to the 1998 knee injury, the Trustees determined that
it did not meet the criteria to be deemed a mine accident.  Q&A
252 provides that in order to be deemed a mine accident, there
must be:

> (1) Unexpectedness: The disability must have been
> unlooked for and unforeseen; (2) Definiteness:
> The disability must be traceable to a definite
> time, place and occasion which occurred within
> the course of the miner's employment; and (3)
> Force or impact: The disability must have been
> caused by the exertion or impact of some physical
> force or object against the body or by the
> exertion or impact of the body against some
> external physical object; i.e., not simply as a
> result of the miner's own physical condition.

Q&A 252.  In this case, the Trustees determined the "force or
impact" requirement was lacking.  Tr. at 173.

The accident report states that Kennedy was injured when
he "finished putting his sledge hammer in box, started to turn
[and his] right knee popped."  Tr. at 197.  Later information
provided by his medical providers are consistent with this
report.  Plaintiff, however, contends that

7

> [a]ll the medical evidence demonstrates that the
> claimant suffered a severe injury to his right
> knee when his foot was caught and he twisted the
> knee with enough force to require surgery as well
> as a possibility of total knee replacement.
> Clearly the evidence shows that this twisting of
> the knee was a required force and exertion
> necessary to complete the three factors for the
> claimant's injury to be considered "a mine
> accident" under the Plan's regulations.

Plaintiff's Memorandum in Support of Motion for Summary Judgment
at 7.  Plaintiff's restatement of Q&A 252 in his brief
demonstrates his misunderstanding of the requirements of that
section.  He states that, in order to satisfy the force or impact
requirement, "the disability must have been caused by exertion or
impact or some external physical force or object against the
body. . . ."  Id. at 6 (emphasis in original).  As noted earlier,
however, the regulation actually requires "exertion or impact of
some external physical force or object against the body."  The
necessary external physical force or object is what is lacking in
this case and is fatal to plaintiff's argument.  See Allen v.
Holland, 36 F. Supp. 2d 325, 329 (S.D.W. Va. 1997) (no force or
impact where plaintiff stated only that he experienced lower-back
pain while bending over).

        Plaintiff contends that defendants did not evaluate all
the evidence in this case in reaching their decision, most
notably, the affidavit of co-worker Larry Dunn.  Mr. Dunn states
that "[w]e were working on the snap blower changing out the
piston.  He went to put up his tools.  I saw him fall and he said

`I have hurt my leg'". Tr. at 8. Mr. Dunn's affidavit, however, does not establish that the injury occurred after and because of the fall and, indeed, plaintiff's own recitation of the facts rules out this possibility. <u>See</u> Plaintiff's Memo at 2 ("Dr. Foreberg noted `On 8-15-98 the patient was at his place of employment when he twisted the right knee followed by a fall and pain in the right knee.'" (Appendix page 97)). The Trustees also concluded that plaintiff injured his knee <u>before</u> he fell. Tr. at 6. Accordingly, it is clear that the February 13, 2004 affidavit of Larry Dunn does not provide the requisite external physical force or object.

<u>Conclusion</u>

For the aforementioned reasons, the court finds that the Trustees' decision was supported by substantial evidence and grants defendants' motion for summary judgment. Plaintiff's motion for summary judgment is denied. Accordingly, a separate Judgment Order of even date herewith will be entered.

The Clerk is directed to mail copies of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 19th day of January, 2006.

ENTER:

David A. Faber
Chief Judge